UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 01-313** |
| **DEMETRIUS TERRELL WOODS** | **SECTION: "B"(5)** |

### ORDER AND REASONS

For the following reasons, **IT IS ORDERED** that the instant §2255 petition for habeas corpus relief is **DENIED** without need of an evidentiary hearing.[1]

### Nature of Motion and Relief Sought:

Petitioner Demetrius Woods filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence under 21 U.S.C. § 841(a)(1). In his application for habeas corpus relief, Woods contends a denial of effective assistance of counsel during pretrial investigation and plea negotiation. He seeks an order vacating the sentence. Alternately, he seeks restoration of his appellate rights.

### Cause of Action and Facts of Case:

According to the factual basis approved by Woods at his rearraignment, a Drug Enforcement Administration (DEA) confidential

---

[1] A § 2255 motion "can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The motion and files so demonstrate in this case and Woods' motion is denied without need of evidentiary hearing.

source and an undercover agent went to Woods' residence in Houma, Louisiana to purchase crack cocaine on July 21, 2001.  Rec. Doc. 17.  The source and agent drove an undercover vehicle equipped with a recording and monitoring device.  Id.

When the source and agent arrived at Woods' home, he entered the undercover vehicle through the rear door.  Id.  He had two clear plastic bags, each containing a round, off-white rocklike substance.  Woods weighed each bag on a digital scale held by the undercover agent; after obtaining the weight, the agent paid Woods $1500 for the crack cocaine and took possession of the bags.  Id.  The substance in the bags later tested positive for cocaine base at the DEA laboratory, and weighed 50.0 grams.  Id.

On November 2, 2001, Woods was indicted with three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1); the second count of these was based upon the aforementioned transaction.  Rec. Doc. 1.  He pled not guilty to all counts on July 10, 2002.  Rec. Doc. 7.  However, Woods pled guilty to the second count at his rearraignment on August 28, 2002.  Rec. Doc. 15.  He did this pursuant to a plea agreement (also made August 28, 2002) specifying that in exchange for Woods' guilty plea on the second count, the Government would request the Court to dismiss the first and third counts at the time of sentencing.  Rec. Doc. 16.  Woods also approved the factual basis supporting the second count.  Rec. Doc. 17.

Before being sentenced, Woods filed objections regarding the guideline calculations as well as a motion for downward departure of his sentence. Rec. Doc. 19; Rec. Doc. 20. The Court denied these motions, and he was sentenced on December 4, 2002 to 262 months. Rec. Doc. 23.

No appeal was filed. This §2255 motion was made December 4, 2003. Rec. Doc. 24. An opposition was filed by the Government March 5, 2004. Rec. Doc. 25. Woods moved for an extension of time to file a reply brief and was granted an additional thirty days on March 30, 2004; however, he has not filed anything further with this Court. Rec. Doc. 28.

### Law and Analysis

§ 2255 Waiver

"As part of a valid plea agreement, a defendant may knowingly and voluntarily waive his right to appeal his sentence, and his right to seek post-conviction relief under § 2255." United States v. Randall, available at 1999 WL 225436 (E.D. La. 1999), citing United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1994). However, "[s]uch a waiver [of § 2255 relief] may not always apply to a collateral attack based upon ineffective assistance of counsel." United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

In his plea agreement, Woods waived his right to appeal as well as his right to contest his sentence in a post-conviction

proceeding, including § 2255 relief. Rec. Doc. 16.  There has been no showing that the instant waiver was the result of an unknowing or involuntary relinquishment of rights to seek post-conviction relief.  Absent also is any basis that this waiver led to manifest injustice.

Ineffective Counsel Standard

Relief under 28 U.S.C. § 2255 is limited to violations of constitutional rights and injuries that, while not able to be raised on direct appeal, could result in "a complete miscarriage of justice." United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995).  Woods' motion is comprised of allegations of deprivations of his constitutional rights stemming from the allegedly ineffective representation of his counsel during the pretrial and plea agreement stages of his case.  These allegations are the kind for which § 2255 relief may be sought, as the Fifth Circuit has held that "a claim of ineffective assistance of counsel does give rise to a constitutional issue." Walker at 934.  To demonstrate that he received ineffective assistance from his counsel, a petitioner "must demonstrate that his counsel's performance was deficient and that this deficient performance prejudiced his defense." United States v. Patten, 40 F.3d 774, 776 (5th Cir. 1994)(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  Both of these elements (deficiency and prejudice) must be demonstrated by a petitioner to result in a finding of ineffective

assistance of counsel.  Strickland at 687.  To prove deficiency of counsel, he must show that his attorney's performance was so objectively unreasonable that the attorney was not functioning as "counsel" under the Sixth Amendment definition.  Teague v. Scott, 60 F.3d 1167, 1170 (5th Cir. 1995).  To show prejudice to his defense, the petitioner must demonstrate that but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would be different.  United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999).  The Court is not compelled to address these in a particular order; rather, if it finds that a petitioner has failed to demonstrate either of the elements, the claim may be rejected.  Strickland at 697.  As judicial scrutiny of an attorney's performance must be "highly deferential," the burden upon a petitioner is particularly heavy. Id. at 689.

Failure to Investigate

Counsel has a duty to reasonably investigate, or to make a reasonable decision that leaves further investigations unnecessary. Wiggins v. Smith, 539 U.S. 510, 521-22 (2003), citing Strickland v. Washington, 466 U.S. 668, 673 (1984).  A "defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Nelson v. Hargatt, 989 F.2d 847, 850 (5th Cir. 1993).

Woods' allegations do not meet the Nelson standard. While he repeatedly notes that his counsel did not interview any witnesses "prior to coaxing the Petitioner into accepting a plea," he does not identify what witnesses could have been interviewed. Therefore, he has not "allege[d] with specificity what the investigation would have revealed." Nelson at 850. Additionally, he does not indicate how any investigation would have altered the outcome of his case. Because Woods was captured on videotape making the pertinent drug transaction, it would be reasonable to conclude that further investigation would be of little utility.

Standard of Counsel During Plea Period

The Strickland standard applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 (1985). A petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable chance that, but for counsel's errors, the result would be different. Id. To satisfy this second requirement, the defendant must show there is a reasonable probability that if his counsel had not committed errors, he would not have pleaded guilty, but proceeded to trial. Id.

Attorney Conduct Related to Sentence Calculation

Not properly advising a defendant of the maximum sentence he could receive falls below the "objective standard of reasonableness" required by Strickland. Teague v. Scott, 60 F.3d

1167, 1171 (5th Cir. 1995).  This is because a defendant not completely aware of the risks of going to trial cannot make an intelligent choice between accepting a plea and proceeding to trial.  Id.   "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.  As long as he understood the length of time he might possibly receive, he was fully aware of his plea's consequences."  United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990), quoting Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982).

The record demonstrates that Woods was made aware of the sentence he could potentially receive, and was therefore "fully aware of his plea's consequences" under the standard articulated in Rivera.  First, a sworn affidavit by Woods' attorney indicates that he told Woods of the maximum possible penalties for the offense to which he pleaded guilty, as well as the possibility of being classified as a career offender.  Additionally, the plea agreement signed by Woods states:

> The defendant further understands that the penalty defendant
> may receive should his plea of guilty be accepted is... a
> maximum of life imprisonment...The defendant understands
> that any discussions with the defendant's attorney or anyone
> else regarding sentencing guidelines are merely rough
> estimates and the Court is not bound by those discussions.

Rec. Doc. 16.  At Woods' rearraignment, this Court summarized this plea agreement for Woods, who said he understood.  Exhibit A, p.

12-19.  Woods was actually sentenced to 262 months in prison, a shorter period than the life sentence he was told by the Court he could receive.  Rec. Doc. 23.  Hence, the petitioner was made aware of the risks of pleading guilty, and was fully equipped to make an intelligent choice between making a plea or taking his chances at trial.  After being specifically informed about the maximum statutory penalties, the Court's reservation of authority to determine sentence, including imposing the maximum sentence, and the Court's right to determine a guideline range, even where defense counsel gives a different sentence or guideline calculation, Woods expressly stated at rearraignment he still wished to waive all rights and plead guilty.

Even if Woods had demonstrated that he was unaware of the maximum possible penalties for his offense, the error would be deemed harmless unless Woods could also show a reasonable possibility that but for his counsel's error, he would not have pleaded guilty but would have gone to trial.  Hill at 52.  Woods makes no claim in his motion that the length of his sentence affected his decision to plead guilty.

Nor do the facts suggest that a reasonable person would have made his decision based upon that factor.  In Teague v. Scott, the petitioner, already imprisoned serving a 25-year sentence, turned down an opportunity to plead guilty to a second crime which would result in another 25-year sentence to be served concurrently with

the first.  <u>Teague</u> at 1169.  Instead, he pleaded not guilty, and was subsequently convicted and sentenced to 99 years in prison.  He sought habeas relief on the grounds that his attorney allegedly represented to him that the maximum penalty he could receive was 20 years.  The Fifth Circuit decided, "[b]ecause the evidence suggests a strong possibility that Teague would have received a sentence that was significantly less in duration if he had been informed of the proper range of his sentence" [because he would have accepted the plea bargain] that this evidence would allow a reasonable fact finder to infer Teague's counsel was prejudicially incompetent.  <u>Id</u>. at 1172.  In Woods' case, he claims that his attorney told him he would be sentenced at a level that would result in a maximum of slightly over 15 years, as opposed to the level he was actually sentenced on that resulted in a sentence of approximately 21 years.[2]  It is more probable that Woods was compelled to plead guilty because of the difficulty of overcoming the strong evidence against him, (e.g. the videotape of the drug transaction).

<u>Conduct Related to Waiver of Appeal and Relief Rights</u>

Woods also alleges that his counsel did not tell him that by accepting the plea agreement with the Government he would be waiving his direct and collateral review rights.  A defendant may waive statutory rights, including the right to appeal, in a plea

---

[2]The maximum applicable guideline sentence in Woods' case was over 27 years.

bargaining agreement.  United States v. Henderson, 72 F.3d 463,465 (5th Cir. 1995), citing United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).  "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right."  United States v. Baty, 980 F.2d 977. 979 (5th Cir. 1992).  "Solemn declarations in court include a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 73-73 (1977).

The Fifth Circuit has held, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed."  United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994).  At Woods' rearraignment proceedings, he expressly acknowledged his constitutional rights and voluntarily waived those rights, including, with specificity, waiver of right to appeal or seek habeas relief.

Additionally, the plea agreement signed by Woods explicitly indicated that he waived the right to appeal his sentence on "any ground."[3]  Rec. Doc. 16.  The combination of Woods sworn open court statements and responses to court questions, along with the Court's

---

[3] Woods did reserve the right to appeal any punishment imposed in excess of the statutory maximum or any punishment constituting an upward departure from the applicable Guideline range.  Rec. Doc. 16.

statements and findings at the rearraignment and the language of the plea agreement all sufficiently indicate that Woods understood his right to appeal and knowingly waived it at rearraignment.

Failure to File Notice of Appeal

"A lawyer who disregards specific instructions from a client to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Counsel's failure to file a notice of appeal, either when requested to do so by the client or when the client has not consented to the failure, usually constitutes ineffective assistance of counsel. United States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996). Woods finally complains that his attorney did not file a notice of appeal as he so requested.

The government disputes Woods' claim, providing an affidavit from Wood's attorney stating that Woods never made this request to him. Rec. Doc. 26. However, the government's disagreement with Woods' alleged facts is not alone sufficient to eliminate Woods' right to an evidentiary hearing. To receive such a hearing, a habeas corpus petition must only allege sufficient facts which, if true, would support the conclusion. Townsend v. Sain, 372 U.S. 293, 312 (1963).

However, the Government continues its opposition by emphasizing that Woods waived his right to appeal in the plea agreement. Therefore, it reasons, Woods could not be prejudiced by

a failure to file a notice of appeal, because he had already given up his right to do so. Woods argues that in cases where an attorney fails to file a notice of appeal in violation of his client's wishes, prejudice under Strickland need not be demonstrated. United States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996).

In United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994), a federal prisoner filed a habeas corpus petition contending, *inter alia*, that his trial attorney's assistance was ineffective because he did not file an appeal or inform him of time limitations for filing such appeal. However, his plea agreement contained a waiver of all rights to appeal his sentence except upward departures from the sentencing guidelines. Id. at 652. The Fifth Circuit Court of Appeals determined, "[his] attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." Id. Noting that the petitioner only could appeal in the circumstance of an upward departure, which had not been imposed, the court noted, "[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." Id., citing Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5h Cir. 1990), cert. denied, 498 U.S. 1033 (1991).

Turning to the instant case, Woods pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Woods' reserved rights under his plea agreement preserved his right

to appeal:

> (a) any punishment imposed in excess of the statutory maximum, and (b), any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.

Rec. Doc. 16. Woods was sentenced at the bottom of the appropriate guideline range and there was no upward departure from the applicable guideline range. He wishes to appeal based upon the Court's determination of sentencing guidelines, an appellate right he waived and did not reserve in his plea agreement. He was given extensive explanations by the Court at rearraignment relative to sentencing issues, computation of guidelines, the Court's exclusive authority to determine sentence (including one that's different from what his attorney or anyone else told him) and the meaning and effect of waiver of rights-among other matters. Thus, his counsel was not ineffective for failing to file a notice of appeal, because such an appeal would be futile.

Accordingly, the instant § 2255 petition is **DENIED**.[4]

New Orleans, Louisiana, this 3rd day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[4] See transcripts of rearraignment and sentencing proceedings as further support for findings here.