UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEMETRIUS WOODS** | **CRIMINAL ACTION** |
| **VERSUS** | **NUMBER: 01-313** |
| **UNITED STATES OF AMERICA** | **SECTION: "B" (5)** |

### ORDER

This matter is before the Court on Demetrius Woods's, "Motion to Amend or Re-Open Ground Four of Petitioner's Prior 28 U.S.C. § 2255 'Counsel's Failure to File an Appeal' in Pursuant to Rule 60(b) and Request For An Evidentiary Hearing."  Rec. Doc. No. 67.  After careful consideration of the motion and the governing law, the motion is **DENIED**.

### I.   Background and Procedural History

On November 2, 2001, Woods was indicted with three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1).  He pled not guilty to all counts on July 10, 2002.  However, Woods pled guilty to the second count at his rearraignment on August 28, 2002.  He did this pursuant to a plea agreement specifying that in exchange for his guilty plea on the second count, the Government would request the Court to dismiss the first and third counts at the time of sentencing.  Woods also approved the factual basis supporting the second count.

Before being sentenced, Woods filed objections regarding the guideline calculations as well as a motion for downward departure

of his sentence.  The Court denied these motions, and he was sentenced on December 4, 2002 to 262 months imprisonment.

No appeal was filed.  He filed a § 2255 motion to vacate on December 4, 2003.  Woods asserted deprivations of his constitutional rights stemming from the allegedly ineffective representation of his counsel during pretrial and plea agreement stages of his case.  Woods argued that counsel failed to (1) reasonably investigate his case, (2) advise him of the maximum sentence he could receive and thus the consequences of his guilty plea, (3) inform him that by accepting the plea agreement with the Government that he would be waiving his direct and collateral review rights, and (4) file a notice of appeal.  The motion was denied on the merits by order entered on August 4, 2005.  (Rec. Doc. No. 33, 34).  Woods appealed.  The United States Fifth Circuit Court of Appeals denied his request for a certificate of appealability.  Rec. Doc. No. 51.

Unhappy with the disposition of his motion and application to the Fifth Circuit, Woods now moves this court to reopen his §2255 proceedings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

**II.  Rule 60(b) motions and successive collateral challenges**

A Rule 60(b) motion is considered a successive collateral attack if it challenges an earlier denial of relief on the merits or raises new claims.  <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005).  A

Rule 60(b) motion is not successive if it challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. A denial of relief on the merits in a habeas corpus context is where the Court determines that "there exist or do not exist grounds entitling a petitioner to habeas corpus relief." Id.

This Court addressed each of Woods' claims of ineffective assistance of counsel on the merits in his §2255 motion to vacate, before concluding that there were no grounds entitling him to habeas corpus relief. Thus Woods's 60(b) request challenging the Court's conclusion on ground four of his ineffective assistance claims is construed as a successive collateral attack.

The plain language of 28 U.S.C. §2255 provides that this Court cannot entertain a second or successive motion until after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Woods has failed to obtain the necessary authorization from the Fifth Circuit prior to filing this successive motion. Absent the requisite authorization,

3

this Court is without jurisdiction to consider Woods's claim.  See Key, 205 F.3d at 774.

**IT IS ORDERED** that because Woods has failed to obtain the necessary authorization from the Fifth Circuit prior to filing a successive collateral attack, his Rule 60(b) request is **DENIED** for lack of jurisdiction.  Should Woods seek one, a certificate of appealability is **DENIED**.

New Orleans, Louisiana, this 20th day of  June  , 2013.

UNITED STATES DISTRICT JUDGE